UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20902-CIV-COHN/SELTZER

ELIZABETH STEWART-PATTERSON,

   Plaintiff,

v.

CELEBRITY CRUISES, INC.,

   Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 9]. The Court has carefully reviewed the motion and related filings and is otherwise fully advised in the premises.

**I.   Background**

On March 5, 2012, Plaintiff Elizabeth Stewart-Patterson ("Plaintiff") filed this action against Defendant Celebrity Cruises, Inc, ("Defendant") seeking recovery for injuries that Plaintiff allegedly sustained while aboard one of Defendant's cruise ships. See DE 1. Plaintiff claims that while walking down a staircase on the ship, she slipped on a wet substance and fell down the stairs, fracturing her left ankle. See id. at 2-3. Further, Plaintiff alleges that after she was treated at the ship's infirmary, Defendant required her to undergo an orthopedic consultation with a shore-side doctor in Colombia as a condition of remaining on the cruise. See id. at 3. Plaintiff contends that the doctor misdiagnosed her fracture, thereby aggravating her injury. See id. at 6-7.

Plaintiff's Complaint alleges three counts.  First, Plaintiff pleads a negligence claim asserting that Defendant failed to maintain the ship's staircase in a safe manner and to warn passengers of its slippery condition.  See DE 1 at 3-4.  Second, Plaintiff asserts a claim for negligent mode of operation, alleging that Defendant failed to take steps to reduce or eliminate the dangerous condition before it occurred.  See id. at 5-6.  Third, Plaintiff pleads a claim for medical negligence, contending that Defendant did not use reasonable care in selecting, and requiring Plaintiff to see, the doctor in Colombia.  See id. at 6-7.

Defendant now moves two dismiss the second and third counts of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  See DE 9; Fed. R. Civ. P. 12(b)(6).  Defendant argues that governing maritime law does not recognize a separate claim for negligent mode of operation and that the allegations supporting this claim are subsumed under Plaintiff's negligence claim.  Also, Defendant contends that Plaintiff's medical-negligence claim should be dismissed because established law precludes Defendant's vicarious liability for the alleged acts of the ship's doctor.

**II.	Discussion**

    **A.	Legal Standard**

To withstand a motion to dismiss, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations, internal quotation marks & alteration omitted).

Nonetheless, a complaint must be liberally construed, assuming the alleged facts as true and drawing all reasonable inferences from those facts in the plaintiff's favor. See id. at 555-56. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove the necessary factual allegations. See id. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears "that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted).

### B.     Analysis of Plaintiff's Claims

Because Defendant's alleged tortious conduct occurred aboard a ship on navigable waters, federal admiralty law, not state law, governs Plaintiff's claims. See Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628 (1959). This is true even though Plaintiff has alleged diversity of citizenship as the basis for federal jurisdiction here. See Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1334 (11th Cir. 1984) ("Since the complained of injury occurred upon a ship in navigable waters, admiralty jurisdiction is also present and maritime law governs the outcome of the suit."). Still, "when neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law." Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co., 207 F.3d 1247, 1251 (11th Cir. 2000) (per curiam).

### 1.     Negligent Mode of Operation

Florida law recognizes a negligence claim based on a "negligent mode of operation theory." Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256, 259 (Fla. 2002). The Supreme Court of Florida has explained this theory as follows:

> The duty of premises owners to maintain their premises in a safe condition is not exclusively limited to detecting dangerous conditions on the premises after they occur and then correcting them; the duty to exercise reasonable care may extend to taking actions to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises.
>
> . . . .
>
> [T]he mode-of-operation rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident. Thus, the basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition. Under these circumstances, whether the premises owner or operator possessed constructive or actual notice of the specific transitory substance is not at issue.

Id. at 259, 260-61 (citations & internal quotation marks omitted).

In view of a recently enacted Florida statute, however, it is unclear whether negligent mode of operation remains a viable theory of recovery in slip-and-fall cases involving transitory substances. See Fla. Stat. § 768.0755(1) ("If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.").[1] But regardless of

---

[1] Section 768.0755, which became effective on July 1, 2010, was intended to "reinstate actual or constructive knowledge as an essential element of a cause of action." Peer v. Home Depot U.S.A., 2012 WL 1453573, at *2 n.2 (S.D. Fla. Apr. 26, 2012).

whether this theory remains valid under Florida law, the Court agrees with Defendant that such a claim is not cognizable under federal admiralty law.

In Kermarec, a visitor aboard a ship was injured when he fell descending a stairway, and he thereafter brought a negligence action against the ship's owner. See 358 U.S. at 626-27.  Applying federal admiralty law, the Supreme Court held that a shipowner owes to all persons properly aboard the ship "the duty of exercising reasonable care under the circumstances of each case." Id. at 632.  The Court declined to adopt into admiralty law "conceptual distinctions" that state law drew between licensees and invitees aboard a ship, because those distinctions would be "foreign to [admiralty law's] traditions of simplicity and practicality." Id. at 631.

Further, in Keefe v. Bahama Cruise Line, Inc., a cruise-ship passenger who slipped and fell on a wet floor brought a negligence claim against the ship's owner. 867 F.2d 1318, 1320 (11th Cir. 1989) (per curiam).  In reviewing the district court's verdict in favor of the passenger, the Eleventh Circuit held that "the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition . . . ." Id. at 1322.  The Eleventh Circuit thus explained that the shipowner's liability "hinge[d] on whether it knew or should have known about the treacherous wet spot." Id.  Because the district court "made no express finding as to how long the particular unsafe condition at issue here existed prior to [plaintiff's] mishap," id., the court of appeals vacated the judgment and remanded for additional fact-finding concerning the shipowner's knowledge of the slippery condition.  See id. at 1323, 1326.

Here, these holdings make clear that (1) Defendant owed Plaintiff a general duty of reasonable care under the circumstances, and (2) Defendant's liability for Plaintiff's alleged injuries depends on whether Defendant had actual or constructive knowledge of the particular slippery condition that caused Plaintiff to fall.  While evidence of Defendant's practices in preventing such conditions may be relevant to establishing Plaintiff's negligence claim, maritime law does not support a stand-alone claim based on Defendant's "mode of operation" unconnected to Plaintiff's specific accident.  Indeed, Plaintiff has cited no decision that would support such a claim in admiralty.  Consequently, Plaintiff's claim for negligent mode of operation must be dismissed.

### 2. Medical Negligence

Regarding Plaintiff's claim for medical negligence, most courts have held that "general maritime law does not impose liability under the doctrine of respondeat superior upon a carrier or ship owner for the negligence of a ship's doctor who treats the ship's passengers."  Barbetta v. S/S Bermuda Star, 848 F.2d 1364, 1372 (5th Cir. 1988); see Lobegeiger v. Celebrity Cruises, Inc., 2011 WL 3703329, at *8-*9 & n.8 (S.D. Fla. Aug. 23, 2011) (discussing weight of authority on this issue).  This rule is based on two related principles:  (1) a shipowner normally lacks control over the treatment relationship between an onboard doctor and passengers, and (2) a shipowner is not in the business of providing medical services and usually retains a doctor "for the convenience of passengers, who are free to contract with him for any medical services they may require."  Barbetta, 848 F.2d at 1369-70.  Nevertheless, "[w]hen a carrier undertakes to employ a doctor aboard ship for its passengers' convenience, the carrier has a duty to employ a doctor who is competent and duly qualified."  Id. at 1369.  If a carrier instead "negligently hires an incompetent doctor, the

6

carrier has not discharged its duty to its sick and injured passengers" and therefore is "responsible for its own negligence." Id. at 1369, 1371-72.

Defendant characterizes Plaintiff's medical-negligence claim as challenging a treatment decision of the *ship's doctor*, namely, referring Plaintiff to a shore-side doctor in Colombia.  Viewing the Complaint allegations favorably to Plaintiff, however, she asserts that *Defendant* selected the shore-side doctor who misdiagnosed Plaintiff's injury.  See DE 1 at 3, 6-7.  Although this doctor was not employed on Defendant's ship, Plaintiff claims that Defendant forced her to see the doctor unless she left the cruise or signed a document releasing Defendant from liability for her injuries.  See id.  Based on these allegations, Plaintiff has adequately pleaded that Defendant failed to exercise reasonable care in choosing the Colombian doctor and thus is liable for any injuries resulting from that decision.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [DE 9] is hereby **GRANTED IN PART and DENIED IN PART**;

2. Count II of Plaintiff's Complaint (Negligent Mode of Operation) is hereby **DISMISSED**; and

3. Plaintiff may proceed on the remaining claims in her Complaint:  Count I (Negligence) and Count III (Medical Negligence).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of July, 2012.

_____
JAMES I. COHN
United States District Judge

7

Copies provided to:

Counsel of record via CM/ECF