UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20902-CIV-COHN/SELTZER

ELIZABETH STEWART-PATTERSON,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration of Court Order on Defendant's Motion for Summary Judgment and Request for Oral Argument [DE 69] ("Motion").  Plaintiff's Motion seeks reconsideration of the Court's Order [DE 67] granting summary judgment to Defendant on Plaintiff's negligence claim. The Court has carefully reviewed Plaintiff's Motion, Defendant's Response [DE 73], and the record in this case, and the Court is otherwise fully advised in the premises.

In general, three grounds justify a motion for reconsideration:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  See Reyher, 900 F. Supp. at 430.  Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly

convincing nature to induce the court to reverse its prior decision." Id. (internal quotation marks omitted).

Here, Plaintiff argues that the Court erred in considering the Affidavit of Faniel Deliscar [DE 55-1 at 1], the crew member who was vacuuming a landing on Defendant's cruise ship when Plaintiff fell on an adjacent staircase. Plaintiff contends that Defendant improperly submitted this "new evidence" with its summary-judgment Reply, thereby depriving Plaintiff of the chance to "rebut the affidavit or cross-examine Deliscar about [it]." DE 69 at 1-2. Further, noting that the Court "relied upon Deliscar's Affidavit in interpreting the video footage of Plaintiff's incident," Plaintiff requests leave to depose Deliscar before trial in order to "cross-examine him about his affidavit and his knowledge of the incident." Id.

While an affidavit supporting a summary-judgment motion normally must be served with that motion, see Fed. R. Civ. P. 6(c)(2), "nothing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief." Hammons v. Computer Programs & Sys., Inc., Civ. No. 05-0613-WS-C, 2006 WL 3627117, at *14 (S.D. Ala. Dec. 12, 2006); see also Cardenas v. Dorel Juvenile Grp., Inc., 230 F.R.D. 635, 636 (D. Kan. 2005) ("[C]ourts have held that the filing of an affidavit with a reply is appropriate when the affidavit addresses matters raised in the opposition brief. Such an approach fulfills the purpose of Rule 6[(c)(2)], which is to avoid unfair surprise and permit the court to resolve motions on the merits." (footnote citations omitted)). As Defendant points out, this Court's Local Rules "expressly contemplate[] the filing of affidavits along with a Reply." DE 73 at 2; see S.D. Fla. L.R. 7.1(c) ("All materials in support of any motion, response, **or reply**,

including affidavits and declarations, shall be served with the filing.") (emphasis added)); see also McGinnis v. Se. Anesthesia Assocs., 161 F.R.D. 41, 42 (W.D.N.C. 1995) ("[B]ecause the contested affidavits . . . do not support the Defendant's motion, but rather support the reply, Rule 6[(c)(2)] does not prohibit them from being filed subsequent to the motion as reply affidavits.").

Here, contrary to Plaintiff's argument, Defendant did not submit Deliscar's affidavit as "new evidence" in support of its summary-judgment motion.  Rather, the affidavit was filed solely to rebut the arguments in Plaintiff's Response concerning her interpretation of the video footage—namely, that Deliscar was shampooing the carpet in the area where he was vacuuming.  In his one-page affidavit, Deliscar explained that (1) he was not shampooing the carpet but was instead "performing routine vacuuming," and (2) he placed a yellow sign on the landing not because the carpet was wet but "to warn passengers of the electric cord for the vacuum [he] was using at the time."  DE 55-1 at 1.  Because Deliscar's affidavit was limited to arguments raised in Plaintiff's Response, Defendant's filing of the affidavit with its Reply was appropriate. See Hammons, 2006 WL 3627117, at *14 (denying motion to strike affidavits filed with summary-judgment reply brief because they "merely respond[ed] to arguments and issues raised in plaintiff's opposition . . . without proffering new grounds for entry of summary judgment").  More, while Plaintiff now claims that Deliscar's affidavit was improper, she did not move to strike the affidavit or otherwise object to it during summary-judgment briefing—even though the affidavit was filed seventeen days before the Court issued its Order granting summary judgment.  See DE 55; DE 67.

The Court also rejects Plaintiff's argument that she did not have an opportunity to rebut Deliscar's affidavit or cross-examine him about the statements therein.

Although seventeen days passed between the filing of the affidavit and the Court's summary-judgment Order, Plaintiff never sought leave to file a Surreply or any supplemental evidence refuting the affidavit. Also, while the parties communicated about scheduling Deliscar's deposition, they failed to do so before the September 24, 2012, discovery deadline, and Plaintiff did not request an extension of that deadline to depose Deliscar. See DE 55-1 at 2-9. Though Plaintiff now seeks to take Deliscar's deposition, this request comes nearly two months after the discovery deadline and less than three weeks before trial. Plaintiff has not shown good cause for allowing her to take the deposition at this late date. See Fed. R. Civ. P. 16(b)(4); Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam).

In sum, Plaintiff has shown no valid basis for reconsidering the Order granting summary judgment to Defendant on Plaintiff's negligence claim, and the Court finds it unnecessary to hold oral argument on this Motion. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of Court Order on Defendant's Motion for Summary Judgment and Request for Oral Argument [DE 69] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of November, 2012.

_James J. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF