UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20902-CIV-COHN/SELTZER

ELIZABETH STEWART-PATTERSON,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

## ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** is before the Court upon Plaintiff's Motions in Limine [DE 68], Defendant's Motion in Limine to Preclude Evidence, Testimony, or Argument Regarding Plaintiff's Incident or Prior Dissimilar Incidents [DE 71], and Defendant's Motion in Limine to Preclude Argument of Shipboard Medical Negligence [DE 72].  The Court has carefully reviewed these motions, the responses thereto, and the record in this case, and the Court is otherwise fully advised in the premises.  The Court has also heard oral arguments from counsel at the calendar call held earlier today.  At calendar call, the Court announced certain rulings on the motions and stated its reasons on the record.  To ensure that these rulings are clear to the parties, the Court briefly addresses each of the motions in this Order.

**I.**    **Background**

On March 25, 2011, Plaintiff Elizabeth Stewart-Patterson ("Plaintiff") was a passenger aboard EQUINOX, a cruise ship owned and operated by Defendant

Celebrity Cruises, Inc. ("Celebrity").  That afternoon, Plaintiff fell while walking down a staircase on the ship, fracturing her left ankle.  After being treated by the ship's medical staff, Plaintiff claims that Celebrity required her to see an orthopedist at Medihelp Services-Colombia, a shoreside medical clinic in Cartagena, Colombia.  On March 28, 2011, Plaintiff was examined by the Colombian orthopedist, Dr. Ramon Hernandez.  Plaintiff contends that Dr. Hernandez negligently treated her ankle fracture, thereby aggravating her injury and causing her to later undergo surgery.

On March 5, 2012, Plaintiff filed a this personal-injury action against Defendant.  Two of the Complaint's three counts, both concerning the alleged slippery condition of the ship's staircase, are no longer at issue.  Specifically, the Court dismissed Plaintiff's claim for negligent mode of operation and granted summary judgment to Celebrity on Plaintiff's negligence claim.  See DE 20, 67, 74.  In her remaining claim for medical negligence, Plaintiff asserts that Celebrity was negligent in selecting Dr. Hernandez and forcing Plaintiff to be treated by him.  Plaintiff's Complaint seeks compensatory damages for physical and mental injuries, including ongoing medical expenses.

Celebrity denies that it was negligent in choosing Dr. Hernandez or that he committed any medical negligence in treating Plaintiff.  Celebrity also maintains that it is not vicariously liable for any alleged negligent acts of the shoreside doctor.  Further, Celebrity contends that Plaintiff was comparatively negligent, and it disputes the extent of her claimed injuries.

Plaintiff has filed a motion in limine seeking to exclude five categories of evidence.  See DE 68.  Also, Defendant has filed two motions of limine, each addressing one type of evidence.  See DE 71, 72.

2

II.     Discussion

    A.     Plaintiff's Motions in Limine [DE 68]

        1.     Plaintiff's Prior Slip-and-Fall Incident

Plaintiff first moves to exclude evidence concerning a prior incident in which she slipped and fell on a staircase aboard another cruise ship operated by a different carrier, Holland America. Plaintiff informally complained about that incident to Holland America, which refunded Plaintiff's money for the cruise. In her motion, Plaintiff mainly contends that the probative value of this evidence would be substantially outweighed by the risk of unfair prejudice because the jury would be led to believe that "Plaintiff habitually falls on cruise ships." DE 68 at 2; see Fed. R. Evid. 403.

Celebrity responds that it does not intend to offer evidence of Plaintiff's previous *fall* (because her negligence claim has been dismissed) but that it does wish to present evidence of her earlier *claim* against Holland America. According to Celebrity, this evidence is relevant to Plaintiff's credibility and her interest in the outcome of this case. In particular, Celebrity maintains that the evidence is relevant to Plaintiff's motive in bringing this action, which is factually similar to her earlier claim. See Fed. R. Evid. 404(b)(2).

The Court finds that evidence of Plaintiff's earlier slip-and-fall claim should be excluded. Although both claims originated from generally similar slip-and-fall incidents, her "claim" against Holland America merely involved her calling the company, which offered Plaintiff a refund. And in the prior incident, Plaintiff apparently sustained only a minor, temporary injury to her back. By contrast, Plaintiff has brought the present civil action alleging that Celebrity negligently chose and forced Plaintiff to see a shoreside doctor for her ankle fracture, resulting in significant aggravation of that injury. Because

the circumstances of the two claims are factually dissimilar, any probative value of the prior claim would be minimal. Further, it is likely that the jury would view the prior claim as evidence that Plaintiff has a propensity to fall on cruise ships and then seek monetary recovery for her alleged injuries. See Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). The Court therefore concludes that any probative value of the earlier claim is substantially outweighed by the danger of unfair prejudice or misleading the jury. See Fed. R. Evid. 403. Thus, Plaintiff's motion in limine regarding her prior slip-and-fall incident is granted.

### 2.     Plaintiff's Financial Status and History

Plaintiff also seeks to exclude evidence of her financial status and history. This issue concerns Plaintiff's deposition testimony that she filed for bankruptcy about four years ago and received a discharge of her remaining debts about one year ago. See DE 39-4 at 3-4. Plaintiff asserts that these facts are not relevant to any issue in this case. See Fed. R. Evid. 401.

Celebrity argues, however, that Plaintiff's recent bankruptcy is "probative of her interest in the outcome of this case." DE 79 at 4. Celebrity notes that the Eleventh Circuit Pattern Jury Instruction addressing witness credibility suggests that jurors consider whether "the witness ha[s] a personal interest in the outcome of the case." 11th Cir. Pattern Jury Instruc. (Civil) No. 3 (2005).

Plaintiff's motion in limine on this issue is well taken. While Plaintiff's personal interest in ths case is relevant to her credibility, the same is true of any person who seeks damages in a civil action. And Plaintiff's bankruptcy case—which discharged the

balance of her unpaid debts—has no clear tendency to show that she has brought this action solely for financial gain.  See Fed. R. Evid. 401.  More, any probative value of this evidence would be substantially outweighed by the risk that the jury might decide this case based on Plaintiff's past financial problems rather than on the merits of her medical-negligence claim.  See Fed. R. Evid. 403.  Accordingly, Plaintiff's motion in limine with regard to her financial status and history is granted.

### 3. Expert Testimony Concerning Plaintiff's Treating Doctor

Next, Plaintiff moves to exclude testimony by Celebrity's expert physician (Dr. Sher) that Plaintiff's treating doctor who performed two surgeries on her ankle (Dr. Alexander) committed medical malpractice in treating Plaintiff's injury.  Plaintiff cites cases holding that a defendant whose negligence personally injured the plaintiff may not offer evidence that post-injury medical treatment contributed to the plaintiff's harm. See, e.g., Dungan v. Ford, 632 So. 2d 159, 162-64 (Fla. 1st DCA 1994).  This general rule is based on the "well-established" principle that "a wrongdoer is liable for the ultimate negligence on the part of a physician who has treated an injury in such a way that the treatment may have increased the damage which otherwise would have followed from the original wrong."  Id. at 62; see Restatement (Third) of Torts: Phys. & Emot. Harm § 35 (2010) ("An actor whose tortious conduct is a factual cause of harm to another is subject to liability for any enhanced harm the other suffers due to the efforts of third persons to render aid reasonably required by the other's injury, so long as the enhanced harm arises from a risk that inheres in the effort to render aid.").

Here, it is unclear what evidence, if any, Celebrity plans to offer regarding Dr. Alexander's post-injury treatment of Plaintiff.  If Celebrity seeks to present expert

5

testimony that, despite any negligent acts by Dr. Hernandez, Dr. Alexander's later treatment caused at least some of Plaintiff's injuries, that testimony would likely be inadmissible under the rule discussed above.  At a minimum, the Court would need to give a limiting instruction explaining this principle to the jury.  See, e.g., Dungan, 632 So. 2d at 163.  On the other hand, if Celebrity seeks to establish through this testimony that Dr. Hernandez **was not negligent** in treating Plaintiff and that Dr. Alexander was instead responsible for any treatment-related injuries, such testimony may be admissible.  During oral argument, Celebrity's counsel indicated that any evidence it may offer regarding Dr. Alexander's treatment will depend on the testimony of one of Plaintiff's expert witnesses, Dr. Losito.  Until it becomes clear what evidence Celebrity intends to offer regarding Dr. Alexander's treatment of Plaintiff, the Court will defer ruling on this aspect of Plaintiff's motion in limine.

### 4.     Plaintiff's Smoking and Alcohol Consumption

Plaintiff also seeks to exclude evidence that (1) she smokes cigarettes and (2) on the day of her accident aboard the ship, she had consumed alcohol.  Plaintiff argues that because the Court granted summary judgment on her negligence claim, this evidence is no longer relevant and would cause her unfair prejudice.

Regarding Plaintiff's smoking, Celebrity points to deposition testimony by Dr. Alexander that persons who smoke may take longer to heal from orthopedic injuries. See DE 79-1 at 27.  Celebrity correctly notes that this testimony is relevant to Plaintiff's mitigation of any damages resulting from the alleged medical negligence.  The Court therefore denies Plaintiff's motion in limine with respect to her smoking.

Celebrity further notes that Plaintiff had been drinking on the day of the accident: the ship's medical records state that her breath smelled of alcohol and that she reported having two glasses of champagne before her fall.  See id. at 31.  During oral argument, defense counsel pointed out that Plaintiff was also taking certain medications.  See id.  Based on these facts, Celebrity seeks to argue that Plaintiff may not have recalled, understood, or followed the shipboard doctor's alleged instructions not to put weight on her left leg.  Because Plaintiff claims that Dr. Hernandez failed to give her similar instructions, Celebrity asserts that Plaintiff's drinking and medication are relevant to her comparative fault and damages.  Plaintiff responds that this argument is speculative and is refuted by the shipboard doctor's deposition testimony about Plaintiff's condition at the time of her treatment.

Though it is a close question, the Court finds that the evidence of Plaintiff's alcohol consumption, combined with her medication, has at least some probative value.  The jury should be allowed to consider this evidence, along with any competing evidence that Plaintiff may offer.  Also, given that people commonly drink on cruise ships, the Court cannot see any unfair prejudice that would substantially outweigh the probative value of this evidence.  Plaintiff's motion in limine concerning her alcohol consumption is therefore denied.

### 5.     Plaintiff's Comparative Negligence

Last, Plaintiff asks the Court to exclude any evidence of her comparative fault, arguing that "[t]here has been no testimony that Plaintiff is comparatively at fault for receiving improper or inappropriate medical care."  DE 68 at 8.  Celebrity, though, points to evidence that Plaintiff ignored the onboard doctor's alleged instructions not to

put weight on her left leg.  Celebrity has submitted a later photograph that arguably shows Plaintiff standing on both legs.  See DE 79-1 at 32.

Admiralty law recognizes the doctrine of "pure" comparative negligence, under which damages are apportioned according to the relative fault of each party. See United States v. Reliable Transfer Co., 421 U.S. 397, 411 (1975).  Thus, Celebrity may present any admissible evidence regarding Plaintiff's comparative fault with respect to the injuries she claims were caused by medical negligence.  And while Plaintiff contends that she is not actually putting weight on her leg in the photograph, the Court finds this to be a factual issue for the jury.  For these reasons, Plaintiff's motion in limine on comparative-fault evidence is denied.

### B. Defendant's Motion in Limine Regarding Slip-and-Fall Incidents [DE 71]

Celebrity moves to exclude evidence of Plaintiff's slip-and-fall accident, as well as three prior incidents aboard EQUINOX in which passengers and a crew member tripped, slipped, or fell on stairs at various locations on the ship.  Celebrity asserts that these incidents are irrelevant now that Plaintiff's negligence claim has been dismissed.  Further, Celebrity maintains that the prior incidents are factually dissimilar to Plaintiff's accident and that evidence of their occurrence would unfairly prejudice Celebrity.

Plaintiff responds that she does not seek to offer evidence suggesting that Celebrity is liable for her fall.  But Plaintiff does wish to inform that jury that she fell on the stairs and injured her ankle and that, at the time of the incident, she **believed** that Celebrity was responsible for her fall.  Plaintiff contends that this evidence is necessary to explain why she refused to sign a form releasing Celebrity from liability and instead complied with Celebrity's alternative demand that she visit the shoreside orthopedist.

8

The Court agrees with Plaintiff that evidence of her fall, including her belief that Celebrity was liable for the accident, is necessary to put the release form into proper context and to explain her theory that Celebrity forced her into seeing Dr. Hernandez. Still, recognizing Celebrity's valid concerns about misleading the jury, the Court will give a limiting instruction clarifying that Celebrity's liability for Plaintiff's fall is not part of this case and that the jurors should not consider that issue in reaching their verdict. With that understanding, Celebrity's motion in limine concerning evidence of Plaintiff's slip-and-fall incident is denied.

With respect to the prior accidents aboard EQUINOX, Plaintiff does not plan to introduce evidence regarding those incidents and thus does not object to Celebrity's motion in limine. The Court therefore grants Celebrity's motion in limine as to the previous incidents.

### C. Defendant's Motion in Limine Regarding Shipboard Medical Negligence [DE 72]

Celebrity also seeks to exclude any evidence of medical negligence by the ship's doctor and medical staff. Celebrity emphasizes the prevailing rule that "general maritime law does not impose liability under the doctrine of respondeat superior upon a carrier or ship owner for the negligence of a ship's doctor who treats the ship's passengers." Barbetta v. S/S Bermuda Star, 848 F.2d 1364, 1372 (5th Cir. 1988); see Lobegeiger v. Celebrity Cruises, Inc., 2011 WL 3703329, at *8-*9 & n.8 (S.D. Fla. Aug. 23, 2011) (discussing weight of authority on this issue).

Plaintiff responds that she will not argue that the ship's doctor or medical staff committed medical malpractice or that Celebrity is vicariously liable for their treatment of Plaintiff. Thus, with respect to these issues, Defendant's motion in limine is granted.

Plaintiff contends, however, that Celebrity's medical staff, including the onboard doctor, forced her to see Dr. Hernandez in Colombia. In this respect, Plaintiff claims that Celebrity did not use reasonable care in selecting, and requiring Plaintiff to be treated by, the shoreside doctor. Cf. Barbetta, 848 F.2d at 1369, 1371-72 (explaining that if a carrier "negligently hires an incompetent doctor, the carrier has not discharged its duty to its sick and injured passengers" and therefore is "responsible for its own negligence"). To the extent that the onboard doctor or medical staff were involved in Celebrity's alleged decision requiring Plaintiff to see Dr. Hernandez, the Court finds that evidence relevant and admissible with regard to Plaintiff's medical-negligence claim. As it concerns this issue, therefore, Defendant's motion in limine is denied.

### III. Conclusion

Accordingly, as detailed above, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motions in Limine [DE 68] are hereby **GRANTED in part**, **DEFERRED in part**, and **DENIED in part**;

2. Defendant's Motion in Limine to Preclude Evidence, Testimony, or Argument Regarding Plaintiff's Incident or Prior Dissimilar Incidents [DE 71] is hereby **GRANTED in part** and **DENIED in part**; and

3. Defendant's Motion in Limine to Preclude Argument of Shipboard Medical Negligence [DE 72] is hereby **GRANTED in part** and **DENIED in part**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of December, 2012.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF